IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GORDON E. STROPE, aka
MICHAEL LEE STROPE,

        Plaintiff,

                              CIVIL ACTION
    vs.                         No. 11-3208-SAC

RAY ROBERTS, et al.,

        Defendants.


MEMORANDUM AND ORDER

Plaintiff, a prisoner in state custody, presents a civil rights complaint under 42 U.S.C. § 1983 in which he alleges the defendants violated his constitutional rights.

Plaintiff also submits a motion for leave to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act, signed into law on April 26, 1996, substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, § 1915 now provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury."
28 U.S.C. § 1915(g) (as amended April 26, 1996).

Plaintiff is subject to this three-strikes provision. *Strope v. Cummings*, 663 F.3d 1271 (10th Cir. 2011). Accordingly, he may proceed in this action only if he pays the filing fee of $350.00 that is charged for filing a civil rights complaint under 42 U.S.C. § 1983 or if he shows that he is subject to imminent danger of serious physical injury.

"There is only one exception to the prepayment requirement in § 1915(g)" and a prisoner who seeks the benefit of that exception must "make specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011)(internal quotation marks omitted).

While the plaintiff contends that he is subject to such a danger, the court finds the complaint does not set forth sufficient allegations to justify an exception to § 1915(g). Plaintiff's bare claim of sexual abuse appears to rest on no more than a verbal taunt by a correctional officer, and his claims of a denial of property, dentures, and a backbrace suggest uncomfortable conditions, but not unreasonably dangerous circumstances. Accordingly, the court must deny plaintiff's motion for leave to proceed in forma pauperis.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is denied.  Plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee.  Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 14th day of December, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge